Mike Leon **OVERTON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16633.

Court of Criminal Appeals of Oklahoma.

Sept. 29, 1971.

Don Anderson, Public Defender, Russell Fister, Asst. Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Mike Leon Overton, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County for the offense of Taking Indecent Liberties with a Female Child, After Former Conviction of a Felony.

His punishment was fixed at twenty years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Judy Elaine Strickland testified that she was seven years old, lived in Oklahoma City, and she knew the defendant and identified him as Mike Overton. She testified that on the day in question the defendant took her, her sister Brenda, and two brothers to a red brick building on the pretense of taking them where their mother worked. We do not deem it necessary to recite the loathsome events that transpired therein. Suffice it to say that the defendant committed oral sodomy on the girl, and further placed his private parts in her mouth. Defendant then took the children home, telling them to tell their mother that they had been to a movie.

Brenda testified that she was nine years old, and in the fourth grade at school. She knew the defendant, as he had been at their house on several previous occasions. On the day in question he took her, her sister, and her brothers to buy some candy. After leaving the candy store, defendant said, "Let's go see your mommie." He took them to a red brick building, wherein he required her sister to put her mouth on his private parts. When they got home, she told her big sister what had happened.

Officer Pool testified that he was sent to the Strickland address about midnight. He was talking to defendant when Mrs. Strickland came up and asked why defendant had taken her children away from the house without her permission. He did not recall that defendant made a reply.

Officer Booker testified that on August 16, 1970, when he interviewed the children at the police station, he subsequently left with the children and proceeded to a red brick building located on Northwest Fifth Street in Oklahoma City.

For the defense, Carl Gene Rose (Beasley) testified that he and his wife lived at the Strickland house, and that on August 15, 1970, he went to the airport to pick up JoAnne, the oldest Strickland daughter.

When he returned, some of the children were gone, and he called the mother. After about two hours, defendant returned with the children, saying that he had taken them to a show. Defendant wanted to leave, but Rose told him he was not going to leave, and subsequently, the police arrived.

Nancy Overton testified that she was defendant's mother, and that about midnight, the children's mother, Rose Strickland, came to her house, apparently drunk, and said she was going to have the defendant picked up, and that he was going to hurt her kids.

Luke Harris and O. E. Higginbotham testified concerning defendant's former conviction.

The sole proposition asserts that the trial court erred in admitting accusatory hearsay. Officer Pool was permitted to testify as follows:

[BY MR. DARKS, ASSISTANT DISTRICT ATTORNEY]

"Q. What was the first thing that was said? What was the first thing that happened as far as your investigation was concerned in the presence of this defendant?

MR. FISTER: Object to the form of that question, if the Court please.

THE COURT: Overruled.

THE WITNESS: Mrs. Strickland came up to my car while I was talking to the defendant and started asking why he had taken her children away from the house without her permission and—

MR. FISTER: We are going to object to that as being hearsay.

THE COURT: Overruled. It's a statement that she made. How do you figure it's hearsay? Just explain it to me. You have given me something new because—

MR. FISTER: I thought he said that he had some conversation with a Mrs. Strickland.

MR. DARKS: In the presence of the defendant. Defendant's there. Hearsay

is out of the hearing of the defendant. He said that defendant was there.

THE COURT: Well, I have ruled on it, go ahead. Overruled." (Tr. 73–74)

The Record reflects that this statement was made shortly after the police officer arrived at the Strickland home, and prior to the time defendant was placed under arrest. We are of the opinion that the statement is not accusatory hearsay, and was properly admitted by the trial court.

In conclusion, we observe that the evidence of defendant's guilt is overwhelming. The Record is free of any error which would justify modification or require reversal, and under such circumstances we are of the opinion that the judgment and sentence should be, and the same is, affirmed.

BRETT and NIX, JJ., concur.